UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

O'KEEFER D. HOOKER,

        Plaintiff,

        v.                                                                      Case No. 20-C-39

C.O. HANES,
C.O. HAMILTON, and
KENOSHA COUNTY JAIL MEDICAL DEPARTMENT,

        Defendants.

## SCREENING ORDER

Plaintiff O'Keefer Hooker, who is currently an inmate at the Kenosha County Detention Center and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on Plaintiff's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Plaintiff has requested leave to proceed without prepayment of the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed an initial partial filing fee of $2.34. On February 24, 2020, Plaintiff filed a motion for an extension of time to pay the initial partial filing fee. Based on the motion, it appears Plaintiff lacks the funds to pay the

initial partial filing fee. Therefore, the court waives the initial partial filing fee, grants Plaintiff's motion for leave to proceed without prepaying the filing fee, and screens Plaintiff's complaint.

### SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

### ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges that, on December 3, 2019, he had surgery to have his wisdom teeth removed. He returned to the Kenosha County Jail at approximately 1:40 p.m. Plaintiff claims off-site medical staff ordered him to change his gauze every 35 to 45 minutes, and he ran out of

2

gauze at around 4:00 to 5:00 p.m. At around this time, the numbing agent wore off, and he asked first shift officers to report his concerns to the medical department. C.O. Gillett, who is not named as a defendant, told Plaintiff that he reported Plaintiff's concerns before he left. Plaintiff then asked Officer Hanes to notify medical staff that he was in pain and that he had not received medical attention for 1½ to 2 hours. Officer Hanes responded, "stop complaining like a girl." Dkt. No. 1 at 2. Plaintiff alleges they exchanged words, and Officer Hanes said he was not going to call anyone about Plaintiff's concerns. C.O. Hamilton came to the door, and Plaintiff told her he was in serious pain. Plaintiff claims that Officer Hamilton walked away and did not return, and that medical staff never provided medical care. The next day, Plaintiff was transported to the Kenosha County Detention Center.

### THE COURT'S ANALYSIS

Plaintiff claims Officer Hanes, Officer Hamilton, and the medical department at the Kenosha County Jail provided inadequate medical care. "To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Plaintiff is a pretrial detainee; therefore, his inadequate medical care claims arise under the Due Process Clause of the Fourteenth Amendment, rather than the Cruel and Unusual Punishment Clause of the Eighth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 531 (1979). A Fourteenth Amendment claim is reviewed under an objective reasonableness standard. *See Miranda v. Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (citing *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015)). First, the court determines whether the defendants "acted purposefully, knowingly,

3

or perhaps even recklessly when they considered the consequences of their handling of [the plaintiff's] case." *Id.* at 353. Then the court determines "whether the challenged conduct was objectively reasonable," which requires the court to "focus on the totality of facts and circumstances faced by the individual alleged to have provided inadequate medical care and to gauge objectively . . . whether the response was reasonable." *McCann v. Ogle Cty., Illinois*, 909 F.3d 881, 886 (7th Cir. 2018) (citing *Miranda*, 900 F.3d at 353). Plaintiff alleges that Officers Hanes and Hamilton ignored his complaints of severe pain and failed to report his complaints to the medical department. Based on these allegations, Plaintiff may proceed on his claims of inadequate medical care against Officers Hanes and Hamilton.

Plaintiff may not proceed on his claims against the Kenosha County Jail medical department, however, because the Jail is not a suable entity. *See Smith v. Knox Cty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). Therefore, the Kenosha County Jail medical department is dismissed as a defendant in this case.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for an extension of time (Dkt. No. 7) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that the Kenosha County Jail medical department is **DISMISSED** as a defendant.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon the defendants, C.O. Hanes and C.O. Hamilton, pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-

of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2)–(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS FURTHER ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that copies of the complaint and this order be sent to the administrator of the Kenosha County Jail, as well as to the Kenosha County Sheriff, and the Kenosha County Corporation Counsel.

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $350.00 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that Plaintiff shall submit all correspondence and legal material to:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

Dated at Green Bay, Wisconsin this 28th day of February, 2020.

> s/ William C. Griesbach
> William C. Griesbach, District Judge
> United States District Court