UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

O'KEEFER D. HOOKER,

        Plaintiff,

        v.                                         Case No. 20-C-39

DEREEMEYUM HAYNES and
SHEENA HAMILTON,

        Defendants.

## DECISION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff O'Keefer D. Hooker, who is currently serving a federal prison sentence at Oxford Federal Correctional Institution and representing himself, filed this action pursuant to 42 U.S.C. § 1983, alleging that his civil rights were violated while he was an inmate at the Kenosha County Detention Center. In particular, Hooker asserts that Officer Haynes and Officer Hamilton failed to provide him with adequate medical care when they did not give him gauze and painkillers following a dental surgery. This matter comes before the Court on Defendants' motion for summary judgment. Defendants argue that Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA) and has failed to establish that Defendants violated the Fourteenth Amendment. For the following reasons, the motion will be granted and the case will be dismissed.

# BACKGROUND[1]

Hooker was booked into the Kenosha County Detention Center on December 27, 2018. On December 3, 2019, Officer Haynes and Officer Hamilton were beginning a shift at the jail at 1800 hours. At the start of their shift, they were informed that Hooker had been complaining of pain resulting from a dental surgery. The officers were notified that the jail medical staff had been made aware of Hooker's complaints. During one of Officer Haynes' first few cell checks, Hooker again complained that he was in pain. Officer Haynes told Hooker that the jail medical staff had already been notified of his complaints. Although Hooker continued to complain of pain and became verbally abusive, Officer Haynes concluded that the situation was not an emergency requiring immediate action. When Officer Hamilton heard Hooker's repeated complaints, she intervened and tried to calm him down. Officer Hamilton likewise did not deem the situation as an emergency that called for immediate intervention. Nevertheless, Officer Hamilton contacted the jail medical staff again regarding Hooker's complaints. The jail medical staff informed Officer Hamilton that they were aware of the complaints and that Hooker would be receiving medication later that evening. At approximately 2030 hours, Hooker was seen by jail medical staff regarding his complaints.

During booking, Hooker received an Inmate Handbook that contained facility rules, policies, and procedures, including the grievance and appeal procedure. Under the grievance procedure, an inmate at the Kenosha County Detention Center must file a written grievance within seven days of an incident. The grievance is to be reviewed and responded to within seven days of

---

[1] Hooker failed to respond appropriately to the defendants' proposed findings of fact in accordance with Civil L.R. 56. As a result, those facts are deemed admitted for the purposes of summary judgment. *See* Civil L.R. 56(b)(4); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("We have consistently held that a failure to respond by the nonmovant as mandated by the local rules results in an admission.").

the filing of the grievance. If an inmate is unhappy with the response to the grievance, he is entitled to appeal. The appeal must be filed within 72 hours of receipt of the grievance response. Hooker filed a grievance against Officer Haynes on December 4, 2019. The grievance was then denied on December 6, 2019. Hooker did not appeal the decision. He did not file a grievance against Officer Hamilton.

## LEGAL STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)). In response to a properly supported motion for summary judgment, the party opposing the motion must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id*. Summary judgment is properly entered against a party "who fails to make a showing to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

## ANALYSIS

### A. Failure to Exhaust Administrative Remedies

Officer Haynes and Officer Hamilton assert that Hooker's case should be dismissed because he failed to exhaust his administrative remedies. The PLRA provides that an inmate cannot

3

assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(1); *see also Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (holding that the PLRA requires proper exhaustion of administrative remedies). To comply with § 1997e(a), an inmate must "properly take each step within the administrative process." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 526, 532 (2002). The purpose of § 1997e(a) is to permit the prison or jail's "administrative process to run its course before litigation begins." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (quoting *Cannon v. Washington*, 418 F.3d 714, 719 (7th Cir. 2005)); *see also Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).

The Kenosha County Detention Center has an established grievance procedure. Under the grievance procedure, an inmate must file a written grievance within seven days of an incident. A response to the grievance is required within seven days. If a grievance is denied, an inmate is entitled to appeal. The appeal must be submitted within 72 hours of receipt of the grievance response. Hooker filed a grievance against Officer Haynes on December 4, 2019. Hooker's grievance was denied on December 6, 2019. Hooker did not file an appeal regarding the grievance response within 72 hours of receiving it. He never filed a grievance against Officer Hamilton. The PLRA requires that inmates fully exhaust and complete each step of the administrative grievance process before filing a lawsuit. *See* 42 U.S.C. § 1997e(1). Because Hooker failed to exhaust his administrative remedies regarding his claims against the defendants, his claims against them must be dismissed.

Notwithstanding Plaintiff's failure to exhaust his administrative remedies before filing the instant action, the Court may set aside the issue of pre-suit exhaustion and consider the merits

4

under certain circumstances. *See Fluker v. Cty. of Kankakee*, 741 F.3d 787, 792–93 (7th Cir. 2013) (although a district court must consider exhaustion before reaching the merits, "nothing . . . prohibits a district court's progression from the PLRA defense to the merits if the situation properly calls for it"). The Seventh Circuit has recognized that, if discovery is closed, a defendant's motion for summary judgment is fully briefed on the merits, and the plaintiff has been afforded a full and fair opportunity to respond, considerations of judicial economy and finality may militate in favor of reaching the merits in the alternative despite the failure to exhaust. *Id.* It makes "perfect sense" to address the merits of the case, here. *Id.* at 793. The Court now turns to the merits.

### B. Plaintiff's Fourteenth Amendment Claims

Hooker alleges that Officer Haynes and Officer Hamilton provided inadequate medical care. "To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Because Plaintiff was a pretrial detainee at all times relevant to this matter, his inadequate medical care claims arise under the Due Process Clause of the Fourteenth Amendment, rather than the Cruel and Unusual Punishment Clause of the Eighth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 531 (1979). A Fourteenth Amendment claim is reviewed under an objective reasonableness standard. *See Miranda v. Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (citing *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015)). First, the court determines whether the defendants "acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of [the plaintiff's] case." *Id.* at 353. Then the court determines "whether the challenged conduct was objectively reasonable," which requires the court to "focus on the totality of facts and circumstances faced by the individual alleged to have provided

5

inadequate medical care and to gauge objectively . . . whether the response was reasonable." *McCann v. Ogle Cty., Illinois*, 909 F.3d 881, 886 (7th Cir. 2018) (citing *Miranda*, 900 F.3d at 353). Hooker must present sufficient evidence for a reasonable jury to find in his favor on both elements. *James v. Hale*, 959 F.3d 307, 318 (7th Cir. 2020).

Hooker has failed to show that Defendants provided him with inadequate care under the circumstances. When Hooker complained of pain to Officer Haynes, the jail medical staff had already been notified of Hooker's complaints. Furthermore, when Officer Hamilton intervened, she contacted the jail medical staff again to reiterate Hooker's continuing complaints. The jail medical staff informed Officer Hamilton that they were aware of Hooker's complaints, and that he would be receiving more medication later that evening. Moreover, nothing indicates that Hooker's condition was substantially severe to constitute a medical emergency requiring immediate intervention by either officer. Thus, no reasonable jury would find that Officer Haynes or Officer Hamilton acted purposefully, knowingly, or recklessly and that their conduct was objectively unreasonable. *See McCann*, 909 F.3d at 886. Accordingly, the Court will grant Defendants' motion for summary judgment.

## CONCLUSION

For these reasons, Defendant's motion for summary judgment (Dkt. No. 32) is **GRANTED**. The Clerk is directed to enter judgment dismissing this case with prejudice.

**SO ORDERED** at Green Bay, Wisconsin this 19th day of February, 2021.

> s/ William C. Griesbach
> William C. Griesbach
> United States District Judge